# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv40

| | |
|---|---|
| MATT D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| WERNER ENTERPRISES, INC.; ) | |
| RICHARD PETERS; and JANE ) | |
| DOE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the joint Certification and Report of FRCP 26(f) Conference and Discovery Plan (#9), hereinafter "CIAC." The CIAC has been filed prematurely inasmuch as issued have not joined: neither Richard Peters nor Jane Doe have been served, answered, or defaulted. See L.Cv.R. 16.1(B)&(D).

More concerning to this court is what appears, from the face of the Complaint, to be a lack of diversity jurisdiction under 28, United States Code, Section 1332. While plaintiff has clearly alleged that he and defendant Werner Enterprises, Inc., are diverse, Complaint, at ¶¶ 3&4, there are no allegations as to the residency of Defendants Peters or Doe. Indeed, plaintiff alleges at the time of the accident, "Jane Doe . . . lived across the street from the Plaintiff." Id., at ¶ 12. Finally, there is no

-1-

allegation that the amount in controversy exceeds $75,000.00.

Counsel are respectfully advised that this court is obligated to question its own jurisdiction. Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).

Diversity jurisdiction is comprised of two essential elements: <u>complete</u> diversity and an amount in controversy exceeding $75,000.00. It is plaintiff's obligation to allege both, and the face of this Complaint contains neither. A hearing

will be calendared for May 28, 2009, at 2 p.m. The parties may file briefs not longer than five pages by Wednesday, May 27, at 12 noon.

**ORDER**

**IT IS, THEREFORE, ORDERED** that a hearing is **CALENDARED** for May 28, 2009, at 2 p.m. on the court's own inquiry into whether subject matter jurisdiction is lacking.

Signed: May 22, 2009

Dennis L. Howell
United States Magistrate Judge