IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv40

| | |
|---|---|
| MATT D. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) MEMORANDUM AND ORDER |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| RICHARD PETERS, and | ) |
| SUZANNE ARGETSINGER | ) |
| PETERS, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendant's Motion for Summary Judgment [Doc. 38] and Motion in Limine [Doc. 41].

## INTRODUCTION

Plaintiff filed this action on January 30, 2009 [Doc. 1] seeking damages for personal injuries he sustained on February 5, 2006 while assisting a man and woman he found adjacent to his driveway trying to extricate a tractor truck which had become disabled there. Plaintiff became unconscious during the course of events. That rendered him unable to

1

testify as to how he was injured and initially unable to even identify the defendant now referred to as Suzanne Peters other than as Defendant Doe. Discovery resulted in the substitution of Suzanne Peters' name for "Defendant Doe".

Plaintiff asserted in his Amended Complaint that Defendants Peters were negligent, and that Defendant Werner Enterprises, Inc. (hereinafter, "Werner" or "Defendant Werner") was vicariously liable, and as such the defendants were jointly and severally liable for his injuries.

Plaintiff filed his proof of service on Defendants Peters. [Doc. 30]. They failed to answer, and an Entry of Default was made by the Clerk on January 10, 2010. [Doc. 36].

His own unconsciousness at key times and the unavailability of the Defendants Peters as eye witnesses left Plaintiff with no fact witnesses to causally link defendants to his injuries. He listed one expert witness on the standard of care for truck operators.

Werner timely filed its Motion for Summary Judgment [Doc. 38], accompanied by a Statement of Undisputed Facts. [Doc. 40]. Plaintiff made no response thereto but did seek a default judgment against Defendants Peters. [Doc. 43]. Werner also filed its Motion in Limine seeking to exclude Plaintiff's expert witness. [Doc. 41]. These three

motions are presently before the Court. This Order will address the two motions by Werner.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d (1986)) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this

showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

> A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. Furthermore, neither unsupported speculation, nor evidence that is merely colorable or not significantly probative, will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered.

Id. (internal citations and quotation marks omitted). Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**FACTS RELEVANT TO WERNER'S SUMMARY JUDGMENT MOTION**

Evidence is to be viewed in the light most favorable to the Plaintiff, Matt Allen, as the non-moving party. Allen provided no reply to Defendant's Statement of Undisputed Facts in Support of Defendant

4

Werner Enterprises, Inc.'s Motion for Summary Judgment, and those undisputed facts appear to be supported by the record. The issue at hand is whether employees or agents of Defendant Werner were acting in the course and scope of their employment with Defendant Werner at the time Plaintiff's alleged injuries occurred.

On or about February 7, 2006, Defendant Richard Peters was employed by Defendant Werner as a commercial truck driver and operator of a tractor truck owned by Defendant Werner. [Docs. 20-3, 25-4]. As a condition of his employment by Defendant Werner, Defendant Richard Peters signed an Agreement on October 10, 2005, stating, "I UNDERSTANDTHAT, DURING THE TERM OF MY AT-WILL EMPLOYMENT, I WILL COMPLY WITH THE GUIDELINES SET FORTH IN THE COMPANY'S POLICIES, RULES, REGULATIONS AND PROCEDURES, WHICH SHALL BE AMENDED FROM TIME TO TIME." [Docs. 40-6-2, 40-6-1 to 4]. Defendant Werner's April 2005 handbook was in effect during February 2006. [Doc. 40-10-18].

Plaintiff Allen alleges he was injured in an accident involving a tractor truck belonging to Werner on February 5, 2006, at approximately 10:30 p.m., near his home at 716 Chimney Rock Road, Mill Spring, Polk County, North Carolina. [Docs. 20-3 to 4, 40-1-13 to 28 & 34]. The truck at the time

5

and place of the incident had the word "Werner" written across its back, but Defendant Richard Peters' clothing (blue jeans and a white button-down shirt) did not display any Werner marks, and no one involved in the incident discussed Werner that night. [Doc. 40-1-35 & 37]. Plaintiff Allen presents no evidence as to why Defendant Richard Peters was operating a truck at the time and place of the incident on the evening of February 5, 2006. [Doc. 40-1-37].

Defendant Richard Peters' employment at Werner Enterprises was terminated February 10, 2006, for Violation of Company Policies, specifically because he "was involved in a personal injury accident on February 5, 2006 and took steps to conceal the accident from the company. Driver also dropped a loaded trailer and bobtailed home. Driver is to be terminated as a result of these policy violations." [Docs. 40-11-2, 40-14-1 to 5, 40-10-21 to 23].

Defendant Richard Peters' dropping a loaded trailer in an unsecured location without prior authorization by his supervisor was a violation of Werner's policy as stated on page 6.9 of Defendant Werner's April 2005 Drivers Handbook. [Docs. 40-10-25, 40-14-1 to 5, 40-13-2 to 3]. Defendant Richard Peters "bobtailing home" (driving the tractor without the trailer connected to it) without a fleet manager's permission was a violation of

6

Werner's policy as stated on page 6.10 of Defendant Werner's April 2005 handbook. [Docs. 40-13-3, 40-10-26, 40-14-1 to 5, accord 40-9-2]. Defendant Richard Peters drove the unconnected cab of his truck on the date of the incident without permission from his fleet manager. [Doc. 40-10-26].

Plaintiff testified that immediately prior to the incident causing his injuries he observed that Defendant Suzanne Peters was not only a passenger in the cab of the truck, but was operating it. If Defendant Richard Peters "had an unauthorized passenger and said passenger operating the equipment or performing work" as described by Plaintiff Allen, that "would be or which is a direct violation of company policy." [Doc. 40-10-26 to 27, 40-1-23 to 24]. A Werner employee driver is permitted to carry one passenger in a Werner truck at a time, but a passenger must be issued a Rider Permit by Werner, and a "passenger is not allowed to drive a Werner truck at any time." [Doc. 40-10-25 to 26, 40-8-2, 40-14-1 to 5]. Defendant Richard Peters had not obtained a passenger permit authorizing him to carry Suzanne Peters as a passenger in Werner's tractor truck; Defendant Suzanne Peters was not employed by Defendant Werner at that time. [Doc. 40-10-27, 28 & 70].

Werner's policy for a driver with a stuck tractor truck is "to contact the

7

company" for help, and that freeing the truck himself "would not be an option the company would prefer or recommend." [Docs. 40-10-72 to 73, 40-19-2 to 3, 40-14-1 to 5].

A Werner employee driver "must carry out all of the dispatches and orders given by [the employee's assigned] Fleet Manager." [Docs. 40-9-2, 40-14-1 to 5]. Defendant Werner trip number D3318977DM was assigned to Werner employee driver Richard Peters on February 2, 2006, calling for Richard Peters to pick up a loaded trailer at Dollar General Store warehouse in South Boston, Virginia at approximately 8 AM on February 3, 2006, drop that loaded trailer at Statesville, North Carolina and pick up an empty trailer at that same location and return that empty trailer to Dollar General Store in South Boston ,Virginia by approximately 11:30 AM on February 5, 2006. [Doc. 40-15-1 to 3, 40-10-69 to 70, 40-14-1 to 5]. The Werner truck assigned to Defendant Richard Peters was found to be near Mill Spring, North Carolina on February 4 and 5, 2006. [Doc. 40-10-62, 40-17-3 to 4, 40-14-1 to 5]. At the time of the incident giving rise to Plaintiff's injuries on the night of February 5, 2006, the truck and the trailer it was supposed to be pulling were some eleven hours overdue for their return delivery in Virginia, but remained in Mill Spring, North Carolina. Mill Spring is not geographically located between Statesville, North Carolina and South

Boston, Virginia, being roughly ninety miles east-south-east of Statesville and roughly one hundred forty miles south-east of South Boston. [accord Doc. 40-1-31]. Defendant Richard Peters did not complete assigned trip D3318977DM, and Werner was required to retain a towing service to recover the Werner tractor assigned to Richard Peters as well as the trailer he had dropped in an unsecured location. [Docs. 40-18-2, 40-14-1 to 5, 40-10-63 to 64, 40-1-30 to 31]. While Defendant Werner has automated satellite-based positioning systems which track the location of its vehicles and assist in the automated production of a paperless Driver Hours of Service log, Werner Enterprises is not notified of a deviation from a prescribed trip route unless an employee makes a specific inquiry to the system. [Doc. 40-10-77 to 78].

Defendant Richard Peters' failing to report an accident would be a violation of Werner's policy as encompassed in pages 6.5 through 6.7 of Defendant Werner's April 2005 Drivers Handbook. [Doc. 40-10-23, 40-12-2 to 4, 40-14-1 to 5].

## ANALYSIS

Defendant Werner asserts that no genuine issue as to any material fact exists and it is entitled to judgment as a matter of law in that Plaintiff

9

has failed to produce a forecast of evidence showing that Werner was vicariously liable for any acts of omissions of Defendant Richard Peters or of Defendant Suzanne Peters the evening of February 5, 2006.

What constitutes proof supporting vicarious liability is governed by the substantive law applied. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). As the subject matter jurisdiction in this case arises from diversity, the forum is North Carolina, and the claim sounds in tort, North Carolina law applies. Boudreau v. Baughman, 322 N.C. 331, 368 S.E.2d 849 (1988).

Under North Carolina law, an employer is only liable through the vicarious theory, *respondeat superior*, when an "employee is 'acting in the scope of his employment or about his master's business." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325 (4th Cir. 1996), quoting Parrott v. Kantor, 216 N.C. 584, 6 S.E.2d 40, 43 (1939). What constitutes the scope of employment has been characterized as a mixed question of law and fact. Sandy v. Stackhouse Inc., 258 N.C. 194, 128 S.E.2d 218, 221 (1962). An employee who deviates from his work to engage "in some pursuit of his own" is not acting within the scope of his employment. Parrott, 216 N.C. at 43. The deviation must be complete;

> [I]f there is a total departure from the course of the master's business, the master is no longer answerable for the servant's conduct.... The departure commences when the servant definitely deviates from the course or place where in the performance of his

duty he should be.

Hinson v. Virginia-Carolina Chemical Corp., 230 N.C. 476, 53 S.E.2d 448, 452 (1949) (internal citations omitted).

It is undisputed that the first element of *respondeat superior* is met: Werner admits that it employed Defendant Richard Peters on the date in question. [Doc. 40 pg 2]. It did not, however, employ Defendant Suzanne Peters.

It is equally clear, however, that the element of acting on "his master's business" is not met. Conditions surrounding the encounter in which Plaintiff was injured demonstrate that Defendant Richard Peters was in the midst of a "total departure" from his master's business on the date and during the encounter wherein Plaintiff was injured. Peters, charged with knowledge of the several policies that his acts would violate, had the truck completely outside the reasonable geographic boundaries of the trip to which he was assigned. He did not complete the trip to which he was assigned on the date Plaintiff was injured. No orders required him to be operating the truck anywhere at the time that Plaintiff was injured, much less at the place where Plaintiff was injured. The trailer has been disconnected and left in an unsecure location and was being driven "bobtail" - which was forbidden by Werner policy - at the time Plaintiff was injured.

11

Defendant Richard Peters was transporting Defendant Suzanne Peters without a permit, contrary to Werner policy, and she was not an employee of Werner.  Werner had no notice that Peters was operating its truck at the place and time in question.  Defendant Richard Peters failed to report the incident in which Plaintiff was injured to Werner, and was terminated from employment with Werner days later for the several policy violations extant when Plaintiff was injured.

While the position of the truck and the several policy violations in place indicate Defendant Peters was not on his master's business, no evidence indicates what business he actually was about.  Employees may remain within the scope of employment during certain deviations from orders to conduct acts that "b[ear] a reasonable relationship to" to the work at hand.  Martin v. Georgia-Pacific Corp., 5 N.C.App. 37, 167 S.E.2d 790 (N.C.App. 1969).  Plaintiff presents nothing to reflect what the Defendants Peters were doing when the truck became stuck leaves him bereft of any proof that they were somehow acting within the course and scope of Richard Peters' employment.

Movant Werner has met its burden to show that upon evidence viewed in the light most favorable to the Plaintiff, no genuine dispute of material fact exists as to vicarious liability in Defendant Werner.  Plaintiff

has not come forward with a forecast of evidence from which a jury could reasonably conclude that Defendant Richard Peters was acting within the course and scope of his employment with Defendant Werner at the time Plaintiff's injuries occurred. Defendant Werner is, therefore, entitled to judgment as a matter of law on this issue. For these reasons Defendant Werner's Motion for Summary Judgment on the issue of vicarious liability will be granted and this matter will be dismissed as to Defendant Werner.

Having determined that Defendant Werner is entitled to judgment as a matter of law, the Court need not address the alternate bases upon which Defendant Werner moves for summary judgment. To the extent, however, that counsel for Defendant Werner argues that Defendants Peters are also entitled to summary judgment, the Court notes that counsel for Defendant Werner does not represent Defendants Peters and neither of Defendants Peters have moved for summary judgment. As such, the Court has no reason to address such an issue that is not before it.

Because the Court's ruling on Defendant Werner's Motion for Summary Judgment results in the dismissal of this action as to Werner, Werner's pending Motion in Limine [Doc. 41] will be denied as moot.

**ORDER**

Accordingly, **IT IS, THEREFORE, ORDERED** that:

1. Defendant Werner's Motion for Summary Judgment [Doc. 38] is **GRANTED.**

2. Defendant Werner's Motion in Limine [Doc. 41] is **DENIED as moot**.

3. This matter is **DISMISSED, as to Defendant Werner Enterprises, Inc.**, only.

Signed: November 2, 2010

Martin Reidinger
United States District Judge