IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv40

| | |
|---|---|
| MATT D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WERNER ENTERPRISES, INC., ) | |
| RICHARD PETERS and ) | |
| SUZANNE ARGETSINGER ) | |
| PETERS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Default Judgment as to the Defendants Peters. [Doc. 43]. For the following reasons, the Court will grant the Plaintiff's motion.

I.  PROCEDURAL BACKGROUND

The Plaintiff Matt D. Allen filed this action on January 30, 2009, seeking damages for personal injuries he sustained while assisting the Defendants Richard Peters and Suzanne Argetsinger Peters ("Defendants Peters") in extricating a tractor trailer which had become disabled near his driveway. [Doc. 1]. The Plaintiff asserted in his Amended Complaint that Defendants Peters were negligent, and that Defendant Werner Enterprises, Inc. was

vicariously liable for their actions.[1] [Doc. 20]. The Plaintiff has filed his proof of service on Defendants Peters [Doc. 30], and on January 10, 2010, the Clerk of Court entered a default as to these Defendants. [Doc. 36].

The Plaintiff now moves for entry of a default judgment against the Defendants Peters. At a hearing on this motion on January 14, 2011, Plaintiff's counsel appeared and presented affidavits and other documentary evidence to support his claim for damages. The Court having reviewed the Plaintiff's submissions, this matter is now ripe for disposition.

## II. ANALYSIS

The Federal Rules of Civil Procedure provide for the entry of a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once entry of default has been made, a party may seek the entry of a default judgment against the defaulting party, either by the Clerk (in the case of a claim for a sum certain), or by the Court (in the case of a claim that requires the computation of damages). See Fed. R. Civ. P. 55(b).

In determining whether to award the Plaintiff damages upon entry of a default judgment, the Court will apply the law of North Carolina. See Masco Corp. v. Bennett, No. 3:08-cv-161-RJC-DCK, 2010 WL 1405136, at *2

---

[1] On November 2, 2010, the Court granted summary judgment to Werner Enterprises, Inc. and dismissed that Defendant with prejudice. [Doc. 47].

(W.D.N.C. Mar. 31, 2010). To recover damages under North Carolina law, the Plaintiff is not "required to show an exact dollar amount with mathematical precision," but rather must prove his damages only to a reasonable certainty. See <u>Sunbelt Rentals, Inc. v. Head & Engquist Equipment, L.L.C.</u>, 174 N.C. App. 49, 61, 620 S.E.2d 222, 231 (2005).

In the present case, the Defendants Peters have not appeared despite having been properly served with process, and an entry of default has been made as to each of them. The Defendants are not minors, incompetent persons or current members of the military service. Accordingly, the Court will grant default judgment to the Plaintiff against the defaulting Defendants. See Fed. R. Civ. P. 55(b)(2).

Upon careful review of the affidavits and supporting materials submitted by the Plaintiff, the Court finds and concludes that the Plaintiff has proven that he is entitled to damages for past medical expenses in the amount of $22,704.71. [Medicaid Billing Records, Doc. 57]. Additionally, the Plaintiff has demonstrated that he is entitled to damages for future medical expenses, including hospital and physician fees related to a probable future ankle fusion surgery in the amount of $24,035.00 [Rosenberg Aff., Doc. 54-1 at ¶8(e)] and estimated physical therapy expenses in the amount of $1,300.00 [see Medicaid Billing Records, Doc. 57]. Finally, the Plaintiff has presented

3

evidence that the injuries to his left leg are permanent and likely will cause him pain and suffering in the future. [Rosenberg Affidavit, Doc. 54-1 at ¶¶8, 10]. Based on the medical evidence presented, the Court will award the Plaintiff damages in the amount of $100,000 for pain and suffering.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry of Default Judgment as to the Defendants Peters [Doc. 43] is **GRANTED**, and default judgment shall be entered simultaneously herewith against the Defendants Richard Peters and Suzanne Argetsinger Peters, jointly and severally, in the amount of $148,039.71. Pursuant to 28 U.S.C. § 1961, the judgment shall bear interest from the date of judgment until paid.

**IT IS SO ORDERED.**

Signed: January 26, 2011

Martin Reidinger
United States District Judge